UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, LLC**  CIVIL ACTION

**VERSUS**  NO:  14-0912

**MALIBU BOATS, LLC**  SECTION: "I" (4)

ORDER

Before the Court is Defendant's **Motion to Quash and/or for Protective Order (R. Doc. 44)**, seeking an Order from the Court to quash and/or for a protective order regarding Plaintiff's Amended Notice of Rule 30(b)(6) deposition of Malibu Boats, LLC. The motion is opposed. *See* R. Doc. 46. The motion was heard by oral argument on Wednesday, December 9, 2015.

I.  **Background**

This action is a claim for breach of contract and detrimental reliance between Marine Power, a supplier of marine engines, and Malibu Boats, a Loudon, Tennessee, based company that manufactures sport boats. R. Doc. 1. Marine Power designs, manufactures, and sells high performance sport boat engines. Malibu manufacturers and sells sport boats. *Id.* at 2. In 20013, Marine Power and Malibu entered into a business relationship. Malibu sent purchase orders to Marine Power for sport boat engines, which directed Martine Power to construct the engines in Louisiana. *Id.* In particular, the parties contracted to supply Marine Power's LS3 engines in Malibu's boats. *Id.* at 3.

This litigation arises out of purchase order 1125557 (the "557 PO") sent by Malibu to Marine Power on February 14, 2014. The 557 PO called for Marine Power to manufacture 571 engines for Malibu at a price of $5,954,102.00. Plaintiff argues that the 557 PO did not provide any dates or details for Marine Power to deliver the engines. Rather, the 557 PO was a "blanket" purchase order and stated that "delivery date requirements will be in accordance with issued

delivery orders." Marine Power argue that it made significant capital commitments (e.g., investments in parts/inventory, re-tooling costs, etc.) to be prepared to satisfy Malibu's requirements. *Id.* at 4.

In late March of 2014, Plaintiff argues that Malibu's conduct changed drastically. *Id.* at 5. Malibu notified Marine Power that Malibu would not be using Marine Power as its supplier of any engines for the 2015 model year. Plaintiff contends that up to this point, Malibu had never rejected a delivery or complained about the quality, the condition, or the timing of delivery for any engine that Marine Power manufactured. However, on April 15, 2014, Plaintiff argues that Malibu unilaterally terminated the 557 PO.

Marine Power subsequently initiated this action and contends that Malibu breached its obligations under the 557 PO in bad faith and caused Marine Power to suffer extensive damages. Marine Power also argues that Malibu should be liable to it for detrimental reliance because Marine Power made substantial investments in tooling and inventory to fill the purchase order. *Id.* at 11.

Defendant also asserts a number of counterclaims. Malibu alleges that Marine Power breached and/or repudiated the 557 PO, failed to produce engines to be placed in inventory, failed to produce engines ready for delivery to Malibu, and improperly delivered a number of engines that Marine Power were required to hold as inventory. Defendant's counterclaims include breach of duty of good faith and fair dealing, breach of warranty, breach of contract pursuant to Louisiana Civil Code Art. 1906, and breach of contract of sale pursuant to Louisiana Civil Code Art. 2438. R. Doc. 14, p. 50-52.

As to the instant motion, on November 13, 2015, Marine Power served a Deposition Notice, pursuant to Federal Rule of Civil Procedure 30(b)(6), on Defendant. R. Doc. 44-1, p. 3. The notice includes twenty-one deposition topics. Defendant argues that many of the topics are

vague, overboard, not reasonably calculated to lead to the discovery of admissible evidence, and not stated with reasonably particularity. *Id.* Defendant requests that the Court either quash the Deposition Notice, or eliminate or narrow nine of the twenty-one topics. *Id.* at 5. In particular, Defendant argues that Topic Nos. 5, 6, 7, 8, 14,15,16, 17, 18 should be limited. *Id.* at 6. According to Plaintiff's submission, the Rule 30(b)(6) deposition was scheduled to being on Saturday, December 5, 2015, and continue until December 16, 2015. R. Doc. 46, p. 1.

In advance of oral argument, counsels for each party resolved Topic Nos. 5, 6, 7, and 8. In addition, counsel for Plaintiff withdrew Topic No. 18 during oral argument. During oral argument, counsels for each parties also resolved issues concerning Topics Nos. 14-17.

## II. Oral Argument

### A. Topic Nos. 14, 15, and 16

Topic 14 seeks information regarding Defendant's negotiations with other engine suppliers regarding a potential supply agreement for Malibu's boats for the 2015 model year. R. Doc. 44-2, p. 3. Topic 15 inquires into all agreements, contracts, or purchase orders with other engine suppliers. R. Doc. 44-2, p. 3. Topic 16 seeks the price for engines that Malibu paid to all other engines suppliers after Malibu unilaterally terminated the purchase order with Plaintiff. *Id.* Defendant argues that these topics seek irrelevant information. R. Doc. 44-1, p. 7.

In opposition, Plaintiff argues that the topics are relevant to its bad faith breach of contract claim. R. Doc. 46, p. 5. Plaintiff contends that testimony on these topics will reveal Defendant's true motivation in unilaterally terminating the 557PO with Plaintiff. Plaintiff argues that they believe that Defendant terminated the 557PO because it obtained a more favorable deal with another engine supplier. *Id.*

During oral argument, counsels agreed to a number of concessions regarding the above topics. Regarding Topic 14, counsel for Defendant agreed to allow Plaintiff's counsel to question whether Malibu had any other supply agreement with other engine manufacturers for the 2015 model year. Regarding Topic 15, Plaintiff's counsel stated that he does not intend to inquire into specific purchase orders but only want to confirm that Defendant had other purchase orders with other engine manufacturers for the 2015 model year. Counsel for Defendant agreed to the inquiry. Regarding Topic 16, Defendant's counsel agreed to allow Plaintiff to question whether other engine suppliers received a more favorable price. Accordingly, Topic Nos. 14,15, and 16 have been resolved by counsels and are now moot.

**B. Topics No. 17**

Topic 17 seeks Defendant's communication with Indmar Marine Engines ("Indmar") from January 1, 2013, to the present, including, but not limited to, any communication regarding Marine Power. R. Doc. 44-2, p. 3. Defendant argues that the topic is overbroad and irrelevant. Defendant notes that Indmar has been a long time supplier of engines to Malibu and Malibu has had thousands of communications with Indmar. R. Doc. 44-1, p. 7. Defendant contends that it impossible to prepare a witness to testify as to all communications regarding Indmar's supply of engines to Malibu. *Id.* at 7.

In response, Plaintiff agreed to limit Topic 17 to Defendant's communication with Indmar Marine Engines from January 1, 2013, to the present regarding: (1) Marine Power, or (2) Indmar's supply of engines to Malibu. R. Doc. 46, p. 5. During oral argument, counsel for the parties agreed to limit the topic to any communication between Marine Power and Indmar from January 1, 2013, to the present. Accordingly, Topic No. 17 has been resolved by counsels and is now moot.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash and/or for Protective Order (R. Doc. 44)** is **DENIED AS MOOT** as counsels have resolved each topic.

New Orleans, Louisiana, this 4th day of January 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**