## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, L.L.C.**                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 14-912**

**MALIBU BOATS, LLC**                                      **SECTION I**

## ORDER AND REASONS

On February 19, 2016, the Court continued the trial date in the above-captioned matter and directed that a revised scheduling order be issued with a new trial date and new pretrial discovery deadlines.[1] The parties had previously filed several pretrial motions, which motions are affected by the continuance of the trial date and reopening of discovery.

First, plaintiff had filed a motion to quash the trial subpoena as to Benton Smallpage Jr.,[2] which motion was based on a conflict between the previously scheduled trial and Mr. Smallpage's travel plans. Because the trial date has been continued, the conflict no longer exists and the motion is moot.

Second, defendant had filed a motion[3] to exclude the testimony of Lance Watson and the digital forensic Avansic report based on the untimely disclosure of this witness and his opinions and the resultant prejudice to defendant. Because a new scheduling order will be issued and discovery will be reopened, defendant may address this witness and his opinions in discovery and the motion is moot.

---

[1]R. Doc. No. 147.
[2]R. Doc. No. 115.
[3]R. Doc. No. 131.

1

Third, several *in limine* motions were filed regarding anticipated evidence or legal arguments at trial. It appears that defendant's *in limine* motions with respect to the prior lawsuit[4] and alleged "bad faith" breach of contract,[5] and plaintiff's omnibus *in limine* motion as to five areas of evidence and testimony,[6] may be subject to change or refinement based on the forthcoming reopened discovery period. The Court finds it prudent to dismiss those three *in limine* motions without prejudice to timely reurging the issues in advance of the rescheduled trial date.

However, defendant's *in limine* motions with respect to "David and Goliath" arguments[7] and Jason Vetzel's criminal history[8] appear to be ripe for decision; accordingly, the Court will take those two motions under submission on March 9, 2016, without oral argument.

Accordingly,

**IT IS ORDERED** that the motion to quash trial subpoena[9] and motion to exclude Lance Watson and the Avansic report[10] are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the *in limine* motion with respect to the prior lawsuit,[11] the *in limine* motion with respect to the alleged "bad faith" breach of contract,[12] and plaintiff's omnibus *in limine* motion,[13] are **DISMISSED WITHOUT PREJUDICE** to a party's right to timely refile such motions in advance of the rescheduled trial.

---

[4]R. Doc. No. 134.
[5]R. Doc. No. 135.
[6]R. Doc. No. 141.
[7]R. Doc. No. 133.
[8]R. Doc. No. 136.
[9]R. Doc. No. 115.
[10]R. Doc. No. 131.
[11]R. Doc. No. 134.
[12]R. Doc. No. 135.
[13]R. Doc. No. 141.

2

**IT IS FURTHER ORDERED** that defendant's *in limine* motions with respect to "David and Goliath" arguments[14] and Jason Vetzel's criminal history[15] will be taken under submission on **Wednesday, March 9, 2016**.

New Orleans, Louisiana, February 23, 2016.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14]R. Doc. No. 133.
[15]R. Doc. No. 136.