UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARINE POWER HOLDING, L.L.C.                          CIVIL ACTION

VERSUS                                                NO. 14-912

MALIBU BOATS, LLC                                     SECTION I

ORDER AND REASONS

The Court has pending before it an *in limine* motion[1] filed by defendant, Malibu Boats LLC

("Malibu"), to prohibit plaintiff, Marine Power Holding, LLC ("Marine Power"), from making

certain statements or arguments at trial with respect to Malibu's corporate structure or size. Plaintiff

filed an opposition to the motion.[2]

Malibu moves to exclude (1) statements that Malibu is a publicly traded company, (2)

"David versus Goliath" arguments, and (3) evidence of "Malibu's financials, the number of its

employees, and Malibu's relationships with [non-parties] Malibu Boats Holdings, LLC and Malibu

Boats, Inc."[3] According to Malibu, (1) it is not a publicly traded company, (2) "David versus

Goliath" arguments would improperly attempt to evoke sympathy from the trier of fact, and (3)

evidence pertaining to Malibu's size, financial condition, relationship with other corporate entities,

and the size and financial condition of any related entity, is irrelevant.[4]

In response, Marine Power concedes that Malibu Boats, LLC is not a publicly traded

---

[1] R. Doc. No. 133.
[2] R. Doc. No. 151.
[3] R. Doc. No. 133-1, at 1-2.
[4] R. Doc. No. 133-1, at 2-3.

company and forswears any intent to make "David versus Goliath" arguments.[5] Malibu's motion

should, therefore, be granted as unopposed with respect to those two matters.

With respect to "Malibu's financials, the number of its employees, and Malibu's

relationships with Malibu Boats Holdings, LLC and Malibu Boats, Inc.", Marine Power suggests

that "certain aspects of Malibu's relationship with Malibu Boats, Inc. are admissible at trial."[6]

Marine Power cites public disclosures filed by Malibu Boats, *Inc.* with the Securities and Exchange

Commission ("SEC") which mention its engine suppliers in 2014 and 2015.[7] Marine Power suggests

that Malibu Boats, *Inc.* based its disclosures on Malibu's contracts for engines, and that a change

in those engine supply contracts implicates "Malibu's relationships with other engine suppliers and

whether those relationships had any impact upon Malibu's decision to unilaterally terminate" the

contract at issue.[8] Marine Power asserts that such evidence is "directly relevant to Marine Power's

bad-faith breach-of-contract claim."[9]

In reply, Malibu contends that the SEC disclosures refer to unrelated and irrelevant contracts

for engines, and that introducing such documents and related issues will unnecessarily prolong the

---

[5]R. Doc. No. 151, at 1.
[6]R. Doc. No. 151, at 2.
[7]R. Doc. No. 151, at 2-3. Specifically, in 2014 Malibu Boats, Inc. stated "The most significant component used in manufacturing our boats, based on cost, are engines. We maintain a strong and long-standing relationship with our primary supplier of engines, and we have also developed a relationship with a second supplier from whom we expect to source approximately 10% of our engines for fiscal year 2014." R. Doc. No. 151-1, at 4. In a later amended disclosure, Malibu Boats Inc. stated "We maintain a strong and long-standing relationship with our primary supplier of engines, and we have also developed a relationship with a second supplier from whom we expect to source approximately 30% of our engines for fiscal year 2015." R. Doc. No. 151-2, at 5.
[8]R. Doc. No. 151, at 3.
[9]R. Doc. No. 151, at 3.

trial.[10]

With respect to the SEC disclosures and related evidence, the Court will be in a better position to resolve this objection in the context of trial after Marine Power has established a foundation for the relevance of these SEC disclosures. This Court can then also determine whether the probative value of the disclosures is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, wasting time, or unfair prejudice. Fed. R. Evid. 403. Accordingly, Malibu's motion is denied at this time with respect to this issue. Marine Power shall not attempt to introduce or refer to these documents at trial, as well as introduce related evidence, without first notifying the Court outside the presence of the jury.

However, Malibu is correct that Marine Power has failed to articulate any basis for the admissibility of evidence regarding Malibu's financial condition, size, or relationship with corporate entities (other than the documents set forth above), as well as evidence regarding the size and financial condition of any related entity. Marine Power has failed to explain how such evidence is relevant to breach of contract issues in this matter. Furthermore, the Court finds that any negligible probative value of such evidence is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, wasting time, or unfair prejudice. Fed. R. Evid. 403. Accordingly, Malibu's motion should be granted with respect to evidence of the size and financial condition of Malibu or any related entity.

**IT IS ORDERED** that Malibu's motion is **GRANTED** with respect to (1) statements that Malibu Boats, LLC is a publicly traded company, (2) "David versus Goliath" arguments, and (3) evidence of the size and financial condition of Malibu or any related entity, which statements,

---

[10]R. Doc. No. 156, at 2-5.

arguments, and evidence are excluded at trial.

**IT IS FURTHER ORDERED** that Malibu's motion is **DENIED** at this time with respect to the SEC disclosures filed by Malibu Boats, Inc. and related evidence, subject to the requirement that Marine Power shall not attempt to introduce or refer to these documents at trial, as well as introduce related evidence, without first notifying the Court outside the presence of the jury.

New Orleans, Louisiana, April 21, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**