UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARINE POWER HOLDING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-912** |
| **MALIBU BOATS, LLC** | **SECTION: "I" (4)** |

## ORDER

Before the Court is Malibu Boats, LLC's **Motion for Sanctions (R. Doc. 120)** seeking an Order to impose sanctions against Marine Power for not complying with the Court's oral order of December 21, 2015, and the written order of January 29, 2016. R. Doc. 109. The motion is opposed. R. Doc. 122. The motion was heard by oral argument on March 9, 2016. R. Doc. 158.

**I.     Background**

The Court in its previous orders detailed the facts surrounding the claims. *See* R. Docs. 108, 191. Therefore, a detailed recitation is not included here. This is a breach of contact claim regarding the manufacturing and supply of engines for sports boats manufactured by Malibu.

As to the instant motion, Malibu argues that Marine Power has not complied with the Court's oral order of December 21, 2015, and the written order of January 29, 2016, to supplement its responses to Interrogatory Nos. 1, 2, 4, 5, and 12 and Request for Production Nos. 21 and 22. Malibu contends that Marine Power: (1) produced evasive answers and (2) produced hundreds of pages of new documents that are nonresponsive to the requests. R. Doc. 120, p. 1.

In response, Marine Power contends that it complied fully with the Court's instructions and produced responsive documents. Marine Power contends that: (1) the current motion is untimely as it was filed after the close of discovery; (2) its supplement responses were adequate; and (3) Malibu's requests are harassing entitling it to attorney's fees. R. Doc. 129.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Federal Rule of Civil Procedure 37 provides that a Court may award sanctions against a party who fails to comply with a discovery order, including ordering either the disobedient party, the attorney advising that party, or both, to pay reasonable expenses, including attorney's fees. "The sanctions available under Rule 37(b) . . . are predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence. The sanctions are not predicated upon a party's failure to satisfy fully the requirements of a production order when the failure 'was due to inability fostered neither by its own conduct nor by circumstances within its control.'" *Dorsey v. Acad. Moving & Sotrage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970) (citing *Societe Internationale Pour Participations Industrielles Et Commerciales*, S.A. v. Rogers, 357 U.S. 197, 211 (1958)).

**III.     Analysis**

   **A.     Interrogatory No. 1[1]**

The Court previously ordered that for any engine which Marine Power does not have documents referencing a completion date, it should state that the completion date is unknown. R. Doc. 109, p. 5.

Malibu states that Marine Power provided serialization dates but has failed to provide completion dates or affirmatively state that it does not have such information for the engines manufactured pursuant to the subject purchase order. *Id.* at 3.

In response, Marine Power states that it has produced all relevant engine work orders and supplemented its response to state that it does not routinely maintain completion dates for its engines. R. Doc. 129, p. 7. Thus, some but not all work orders contain an engine completion date. *Id.* at 2.

During oral argument, counsel for Malibu counsel explained that serialization is an accounting method that does not incorporate when the engine was completed. Counsel stated that the completion dates were provided for some but not all. Further, counsel stated that Marine Power's supplement response does not affirmatively state which engines do not have completion dates. Counsel directed the Court to a chart that lists engines, their serial numbers, and includes a "completion date" column which has dates for some but states "no date" for others. Counsel for Malibu generated the chart from documents provided by Marine Power.

---

[1] Interrogatory No.1 request that for each engine that Marine Power manufactured under the subject purchase order it identify: (1) the date the engine was completed and the serial number assigned to the engine, (2) the date that the engine was placed into Marine Power's inventory, (3) the date that the engine was delivered to Malibu, and (4) the location of the engine if it was not delivered or accepted by Malibu whether sold to a third-party or not.

In response, counsel for Marine Power reiterated that it complied with the Court's previous instruction and produced all responsive information and stated that it did not routinely maintain completion dates for engines.

The Court examined the chart provided and noted that the chart include a "completion date" column and states "no date" for engines that completion dates were not provided. The Court reasoned that it is clear from the chart which engines do not have completion dates. Therefore, Malibu has the information that it seeks. Accordingly, the request to compel a response to Interrogatory No. 1 is denied.

### B.     Interrogatory No. 2[2]

The Court previously ordered that for every cost item that is identified on Marine Power's charts which reflect its damages calculations that it also provide documentation to support its numbers. Further, the Court ordered Marine Power to state affirmatively whether there are backups that support the materials referenced on the charts and either produce the backups or respond that they do not exist. R. Doc. 109, p. 5.

Malibu states that Marine Power inadequately responded that "it has produced or is producing herewith all documents in its possession used to prepare" the charts.  However, Malibu argues that Marine Power failed to designate which documents supports the numbers that are delineated on the charts and in its expert report. R. Doc. 120-1, p. 5.

Marine Power contends that it has provided all documents in its in possession that support its damage assessment. R. Doc. 129, p. 3-4.

---

[2] Interrogatory No. 2 requests that Marine Power: (1) describe its damages in detail, (2) provide the calculations used for each item of damages claimed, and (3) identify all documents or communications that support its claimed damages. R. Doc. 47-1, p. 3.

4

During oral argument, counsel for Malibu stated that he was provided an expert report that now centers Marine Power's damages on lost profits instead of the cost of each engine. Counsel for Malibu also noted that Marine Power has produced a chart entitled "Marine Power Miscellaneous Damages" in response to the request that includes unspecific descriptions and damage estimates that are difficult to understand.

The Court questioned whether Marine Power's damage calculation is based on its previous calculation of the cost to produce the engines. Counsel for Marine Power clarified that its damages are now based on the expert report which is centered on the purchase order price for each engine. Counsel for Malibu agreed that this clarification settles the issue. Regarding the chart entitled "Marine Power Miscellaneous Damages," the Court ruled that a deposition is a more appropriate means to clarify the chart. Accordingly, the request to compel a response to Interrogatory No. 2 is denied.

### C. Interrogatories Nos. 4 and 5[3]

The Court previously ordered that the degree to which Marine Power is not able to determine the inventory quantity of materials on hand as of April 15, 2014, the date the purchase order was terminated, that it should supplement its written response to affirmatively state so as its position. R. Doc. 109, p. 8.

Malibu maintains that Marine Power's supplemented response to Interrogatory Nos. 4 and 5 refers it to previously produced charts, purchase orders, and invoices which do not reflect the

---

[3] Interrogatory Nos. 4 and 5 request that Marine Power identify all parts, equipment, goods, and supplies that were in its possession or acquired before and after April 15, 2015, the date the purchase order was terminated, which it claims were purchased in order to fulfill purchase order 557. R. Doc. 47-2, p. 7. The Court previously ordered that to the degree to which Marine Power is not able to determine the inventory quantity on hand as of April 15, 2014, that it should supplement its written response to affirmatively state so as its position. R. Doc. 109, p. 8.

5

actual quantity of materials in its inventory on April 15, 2014. R. Doc. 120-1, p. 6. Further, the response also does not affirmatively state that they are unable to determine the inventory quantity, as of April 15, 2014, of materials that were purchased to fulfill the purchase order. Malibu notes that Marine Power has provided documentation that shows when its inventory items were ordered but such information does not show the quantity of parts in its possession on April 15, 2014. *Id.* at 6. Further, Malibu argues that Marine Power has produced numerous purchase orders which postdate April 15, 2014. Malibu argues that Marine Power should be barred from offering any testimony at trial as to the materials purchased in reliance on the subject purchase order that were in its possession on April 15, 2014. *Id.* at 7.

In response, Marine Power argues that materials produced to Malibu, including purchase orders, indicate when all of the inventory items were ordered. R. Doc. 129, p. 4. Marine Power maintains that Malibu is essentially trying to force Marine Power to do its work for it by reviewing the underlying documents and producing a chart which it is not required to do. *Id.* at 4.

Counsel for Malibu did not address this request during oral argument as he skipped from Interrogatory No. 2 to Interrogatory No. 12. Based on charts provided by Marine Power, in particular Chart Nos. 2 and 3, Marine Power has provided a listing of material that it purchased in reliance on the subject purchase order. R. Doc. 47-5, p. 65. By Malibu's own admission, Marine Power has produced purchase orders which state the date materials were purchased. R. Doc. 120-1, p. 6. In essence, Malibu has the information that it seeks which are the dates that materials were purchased in reliance on the subject purchase order. Accordingly, the request to compel a response to Interrogatory Nos. 4 and 5 is denied.

### D.     Interrogatory No. 12[4]

Malibu contends that Marine Power has not complied with the Court's order to identify parts that were sold to third parties and the profit associated with each sale. *Id.* Malibu acknowledges that Marine Power produced 1,220 pages of bills of materials for individual engines that were built for the purchase order. R. Doc. 120-1, p. 8. However, the documents do not reflect engines that were sold to third parties. *Id.*

Marine Power argues that it has produced work orders and bills of materials for all engines that were sold to third parties that are responsive to the request. *Id.* at 5.

During oral argument, counsel for Malibu conceded that they have the requested information as it was provided in the bills of materials. The Court stated that any confusion regarding the chart can be clarified during a deposition. Accordingly, the request to compel a response to Interrogatory No. 12 is moot.

### E.     Request for Production Nos. 21 and 22[5]

Malibu states that Marine Power did not provide a privilege log as ordered by the Court for documents withheld as privileged for these requests which seek documents supporting Marine Power's assertion that Jay Vetzel is a liar and a thief. *Id.*

Marine Power argues that it previously withdrew its privilege objection; thus, a privilege log is not necessary. R. Doc. 129, p. 7.

---

[4] Interrogatory No 12 requests information regarding engines, which were built for the purchase order, that were sold to third parties, profit from the sale, and work that was required to modify the engines for sale. *Id.* The Court previously ordered Marine Power to supplement their responses by providing the parts numbers and also provide the cost associated with each. R. Doc. 109, p. 10.

[5] Request for Production Nos. 21 and 22 request documents supporting Marine Power's assertion that Jay Vetzel is a liar and thief.

7

Counsel for Malibu agreed to withdraw this request. Accordingly, the request to compel a response to request for production Nos. 21 and 22 is moot.

### F. Marine Power's Request for Attorneys' Fees and Costs

Marine Power also seeks attorneys' fees and costs incurred having to respond to the instant motion. *Id.* at 1. Counsel for Marine Power stated that counsel spent a great deal of time responding to a motion that its argues is frivolous. Further, counsel stated that the motion was filed without Malibu conferring with it to attempt to resolve the matter amicably.

In response, counsel for Malibu stated that although the Court denied a number of its request that does not mean that its motion is frivolous.

After listening to the position of each side, the Court denied Marine Power's request for attorneys' fees and costs. However, the Court noted that the Defendant withdrew a number of requests during the hearing after counsel for Plaintiff clarified his discovery responses which permitted defense counsel to conclude that the requested documents were produced. The Court cautioned counsel to meet and confer in advance of filing a motion to avoid its premature presentation.

## IV. Conclusion

Accordingly,

**IT ORDERED** that Malibu Boat, LLC's **Motion for Sanctions (R. Doc. 120)** is **DENIED in part** and **DENIED AS MOOT in part**.

**IT IS DENIED** as to Interrogatory Nos. 1, 2, 4 and 5.

**IT IS DENIED AS MOOT** as to Interrogatory No. 12 and Request for Production Nos. 21, and 22.

**IT IS FURTHER ORDERED** that Marine Power's request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, this 15th day of July 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**