UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, L.L.C.**     **CIVIL ACTION**

**VERSUS**     **No. 14-912**

**MALIBU BOATS, LLC**     **SECTION I**

## ORDER AND REASONS

Defendant, Malibu Boats, LLC ("Malibu"), moves[1] for an order precluding Marine Power Holdings, L.L.C. ("Marine Power") from introducing evidence or making reference to the filing and/or dismissal of a prior lawsuit between the parties in the Eastern District of Tennessee pursuant to Rules 402 and 403 of the Federal Rules of Evidence. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Malibu's motion.

## BACKGROUND

This matter arises out of the souring of a commercial relationship between Marine Power and Malibu. Though much about the relationship remains disputed, both parties agree that on April 15, 2014, Malibu (1) sent Marine Power a letter terminating the contract at issue, and (2) filed a declaratory judgment action in the Eastern District of Tennessee (the "Tennessee action") seeking a declaratory judgment that the termination was proper.[2] Shortly thereafter, on April 22, 2014, Marine Power filed the instant lawsuit in the Eastern District of Louisiana.[3]

On June 9, 2015, the Eastern District of Tennessee dismissed the Tennessee declaratory judgment action, finding that it was an anticipatory effort to gain a forum of Malibu's choosing. In particular, the U.S. District Judge determined that:

---

[1] R. Doc. No. 213.
[2] R. Doc. No. 213-2, at 2.
[3] R. Doc. No. 1.

1

> The record shows that the parties were engaged in negotiations regarding [the contract], when Malibu chose to simultaneously reject a delivery of 26 engines, terminate [the contract], and file suit seeking a declaratory judgment as to the termination, all on the same day. Malibu misled Marine into believing the parties were engaged in meaningful negotiations . . . Malibu was aware that if it cancelled [the contract], Marine would seek costs and losses resulting from the cancellation. . . . It is clear to the court that anticipating a lawsuit from Marine, Malibu took its own preemptive measures to gain the forum of its choosing with a declaratory judgment suit.[4]

This motion concerns whether Marine Power can introduce evidence or make reference to the filing and/or dismissal of the Tennessee action at trial.

## DISCUSSION

**I.** *Applicable Law*

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the United States Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the U.S. Supreme Court. Fed. R. Evid. 402.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**II.** *Analysis*

Both parties agree that post-breach conduct is irrelevant to a bad-faith breach of contract claim pursuant to Article 1997 of the Louisiana Civil Code.[5] They disagree, however, as to the

---

[4] R. Doc. 213-2, at 6.
[5] R. Doc. No. 233, at 3; *see, e.g.*, *LAD Servs. of La., LLC v. Superior Derrick Servs. LLC.*, 167 So. 3d 746, 761 (La. Ct. App. 1st Cir. 2014).

2

significance of Malibu's decision to file the declaratory action in Tennessee on the same day Malibu sent the termination letter. Malibu argues that because the declaratory judgment action was technically filed after the termination letter, the Tennessee action is entirely irrelevant to whether the prior-that-day breach occurred in bad faith.[6] Marine Power counters that the filing of the declaratory judgment action on the same day as the termination letter suggests that the termination was part of a pretextual, pre-planned scheme to avoid Malibu's contractual obligations.[7]

Given that "the standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy," *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014, this Court does not believe that the filing date of the Tennessee action is entirely irrelevant to Marine Power's bad-faith claim. Malibu's possession of an apparently ready-to-file complaint at the time of termination could potentially suggest that Malibu was not engaging in a good-faith evaluation of Marine Power's performance, but instead that Malibu was engaged in a bad-faith effort to deny Marine Power the benefit of its bargain by inventing a pretextual justification for terminating the contract that would leave Marine Power without any remedy at all. *Cf. Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 2d Cir. 1992) (considering, when evaluating bad faith, that the breach of a contract to buy a home occurred on the day before the closing date set out by the contract). The Court's conclusion on this point is reinforced by the U.S. District Judge's conclusion in the Tennessee action that the filing date of the Tennessee action was informative for the purpose of understanding Malibu's pre-breach conduct.[8]

---

[6] R. Doc. No. 213-1, at 7.
[7] R. Doc. No. 233, at 4.
[8] R. Doc. No. 213-2, at 6.

Because the filing and dismissal of the Tennessee action does not fall short of the low threshold for relevance set out by Rule 401, the key question becomes whether it should be excluded pursuant to Rule 403.  The Court concludes that the Rule 403 analysis should distinguish between evidence and discussion relating to (1) the *filing* of the Tennessee action, and (2) the *disposition* of the Tennessee action.

With respect to evidence and discussion relating to the *mere filing* of the Tennessee action, the Court is not persuaded—at this juncture—that the probative value of any such evidence or discussion would be substantially outweighed by the risk of unfair prejudice.  After all, Rule 403 is meant to be applied "sparingly," *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008), and Malibu potentially has the ability to mitigate any *unfair* prejudice by inquiring as to whether having a complaint ready to file simply represents prudent pre-breach contingency planning.  Therefore, the Court determines that it will be in a better position at trial to decide whether the probative value of the filing of the Tennessee action is substantially outweighed by a danger of unfair prejudice, confusing the issue, misleading the jury, or wasting time.  Accordingly, with respect to Malibu's request to limit reference to or evidence of the filing of the Tennessee action, Malibu's motion is denied without prejudice to its right at trial to renew the objection pursuant to Rule 403.  No mention shall be made of the Tennessee action before the jury unless the Court permits the same following a bench conference.

However, with respect to evidence and discussion relating to the ultimate *disposition* of the Tennessee action, the Court believes that any such evidence should be excluded pursuant to Rule 403.  First, the introduction of the Tennessee disposition creates a substantial risk of confusing the issues and misleading the jury because the question in the Tennessee action (whether, under federal law, the declaratory judgment action was an anticipatory effort to gain a

4

forum of Malibu's choosing[9]) differs from the one here (whether, under Louisiana law, the breach of the contract qualifies as a bad-faith breach). Second, even if the issues were the same (and they are not), the Court would still be of the opinion that the ultimate disposition of the Tennessee action should be excluded insofar as its introduction would create a substantial risk that the jury would accord undue weight to an interim judicial resolution that was rendered on a limited record. *See, e.g.*, *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) ("[J]udicial findings of fact . . . by virtue of their having been made by a judge . . .would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." (internal quotation marks omitted)). Consequently, the Court will grant Malibu's motion insofar as it requests that the Court preclude reference to or evidence of the disposition of the Tennessee action pursuant to Rule 403.

## CONCLUSION

For the foregoing reasons,

    **IT IS ORDERED THAT** Malibu's motion in limine is **GRANTED IN PART**. Neither party shall introduce evidence or make reference to the disposition of the Tennessee action at trial.

    **IT IS FURTHER ORDERED THAT** the remainder of Malibu's motion in limine is **DENIED WITHOUT PREJUDICE** to its right at trial to renew its evidentiary objections pursuant to Rule 403 of the Federal Rules of Evidence. No mention shall be made of the Tennessee action before the jury unless the Court permits the same following a bench conference.

---

[9] R. Doc. 213-2, at 5-6.

**New Orleans, Louisiana, July 26, 2016.**

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**