**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARINE POWER HOLDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-912** |
| **MALIBU BOATS, LLC** | **SECTION I** |

**ORDER AND REASONS**

Before the Court is a motion[1] in limine filed by plaintiff, Marine Power Holding, L.L.C. ("Marine Power"), to exclude certain allegedly irrelevant and unfairly prejudicial emails forwarded from the President and co-owner of Marine Power to several individuals including an employee of defendant, Malibu Boats, LLC ("Malibu").  The emails contain a number of highly inappropriate, sexually explicit images as well as other racially and politically inflammatory content.  The emails were sent from December 2011 through June 2012, approximately two years before Malibu's issuance of the "557 PO" that is the subject of this lawsuit.  Marine Power argues that the emails should be excluded not only pursuant to Rules 402 and 403 of the Federal Rules of Evidence, but also because they were not properly identified on Malibu's pretrial exhibit list.[2]  Malibu opposes[3] the motion to exclude the emails and argues that the emails are relevant for two reasons.

---

[1] R. Doc. No. 214.

[2] Malibu responds that the emails did not become relevant for purposes other than cross examination until Marine Power asserted a claim for business reputation damages, which Marine Power did not do until the proposed pretrial order.  Malibu therefore listed the emails as potential exhibits at that time.  The Court finds that any procedural error by Malibu in this context was harmless and it will not exclude the emails on procedural grounds.

[3] R. Doc. No. 230.

First, Malibu asserts that the emails are relevant because "Malibu's witnesses would testify that the Allbright Emails constitute one of the reasons why Malibu has refrained from buying engines from Marine Power since the filing of this lawsuit."[4]  Malibu argues that this evidence combats Marine Power's claim that Marine Power would have obtained more contracts from Malibu but for Malibu's breach of the 557 PO.  As the precise content of Marine Power's damages claim has not been fully articulated and the Court has not yet heard any trial testimony, the Court will be in a better position at trial to determine the relevancy of the emails on this theory.

Second, Malibu argues that the emails are relevant to Marine Power's claim for business reputation damages because "[p]roof that Marine Power's President was sending these objectionable emails to employees of Marine Power's existing and potential customers, as well as Marine Power's suppliers, is probative of the fact that Marine Power's [business] reputation prior to the issuance of the 557 PO was not good."[5]  Yet, as of now the Court has seen nothing to suggest that other companies factored these emails into their evaluation of Marine Power's business reputation.  As the probative value of the emails varies based upon the above showing, the Court will be better positioned at trial to determine whether the emails can survive Marine Power's challenge under Rule 403 of the Federal Rules of Evidence, although the Court expresses much concern with respect to Malibu's attempt to survive a Rule 403 analysis.

For the foregoing reasons,

**IT IS ORDERED** that the motion to exclude emails is **DENIED WITHOUT PREJUDICE** to Marine Power's right to re-assert its objection at trial.

---

[4] R. Doc. No. 230, at 9.
[5] R. Doc. No. 230, at 10.

**IT IS FURTHER ORDERED** that no mention shall be made of the emails attached as exhibits to Malibu's opposition[6] to Marine Power's motion before the jury unless the Court permits the same following a bench conference.  Both parties are to instruct their witnesses that they are not to mention the existence of the emails unless the Court instructs them that they may do so.

New Orleans, Louisiana, July 27, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. No. 230.