**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**MARINE POWER HOLDING, L.L.C.**            **CIVIL ACTION**

**VERSUS**            **No. 14-912**

**MALIBU BOATS, LLC**            **SECTION I**

## ORDER AND REASONS

Plaintiff, Marine Power Holding, L.L.C. ("Marine Power"), moves[1] for an order excluding argument and evidence regarding Marine Power's alleged effort to "frame" Jason Vetzel, a witness in this case, pursuant to Rules 401, 402, 403, and 608 of the Federal Rules of Evidence.  For the following reasons, the Court denies Marine Power's motion without prejudice.

## BACKGROUND

Malibu Boats, LLC ("Malibu") has indicated that it will call Jason Vetzel ("Vetzel"), a former employee of Marine Power, as a witness at trial.[2]  Marine Power and some of its agents made allegations—now universally admitted to be incorrect[3]—at the early stages of this case that Vetzel had removed proprietary Marine Power documents from his laptop before leaving his job at Marine Power.  Marine Power now brings this motion to block Malibu from introducing argument and evidence at trial regarding Marine Power's incorrect allegations against Vetzel.

---

[1] R. Doc. No. 215.
[2] R. Doc. No. 215-1, at 1.
[3] R. Doc. No. 215-1, at 3.

1

## DISCUSSION

### I. *Standard of Law*

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the United States Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the Supreme Court. Fed. R. Evid. 402.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Finally, "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a).

### II. *Analysis*

Malibu raises multiple arguments in favor of allowing the jury to consider Marine Power's allegations against Vetzel. Malibu suggests that the incorrect allegations against Mr. Vetzel could be properly used to:

- cross-examine Marine Power's agents regarding the agents' character for truthfulness pursuant to Rule 608(b);[4]

- rebut potential attacks by Marine Power that Vetzel has a character for untruthfulness;[5] and

- rebut Marine Power's claim that it has a good business reputation.[6]

---

[4] R. Doc. No. 234, at 9.
[5] R. Doc. No. 234, at 11.

2

The Court concludes that the resolution of this issue is premature at the present juncture. Many of Malibu's justifications for presenting the evidence depend on the arguments that Marine Power raises at trial, and therefore the Court will be in a better position at trial to decide whether the probative value of the inaccurate allegations will be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time. Accordingly, the Court will deny Marine Power's motion without prejudice. However, no mention shall be made of the incorrect allegations against Vetzel before the jury unless the Court permits the same following a bench conference.

Finally, though the Court is formally denying Marine Power's motion, the Court cautions Malibu that the Court nonetheless has significant Rule 403 concerns. In particular, the Court is concerned that the introduction of the incorrect allegations will result in a wasteful and tangential mini-trial. *See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 454 (3d Cir. 1997) (Becker, J.) (court does not need to hold "time-consuming mini-trials on [] minimally relevant issues"); *cf. Caparotta v. Entergy Corp.*, 168 F.3d 754, 758 (5th Cir. 1999) (expressing Rule 403 concerns relating to relitigating discovery issues before the jury).

---

[6] R. Doc. No. 234, at 12.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Marine Power's motion in limine is **DENIED WITHOUT PREJUDICE** to its right at trial to renew its evidentiary objections. No mention shall be made of the incorrect allegations against Vetzel before the jury unless the Court permits the same following a bench conference.

New Orleans, Louisiana, July 27, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**