UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, L.L.C.**                                   **CIVIL ACTION**

**VERSUS**                                                                          **No. 14-912**

**MALIBU BOATS, LLC**                                                    **SECTION I**

## ORDER AND REASONS

Continuing the endless saga of disagreements that has plagued this litigation, before the Court is plaintiff Marine Power Holding, L.L.C.'s ("Marine Power") memorandum[1] objecting to proposed demonstrative exhibits by Malibu Boats, LCC ("Malibu"). Malibu filed a response.[2]

Marine Power's memorandum objects to four proposed demonstrative exhibits by Malibu. The first is a timeline compiled by Malibu's attorneys that reflects Malibu's theory of the case and characterizations of the evidence relating to the contractual relationship between the parties.[3] The second is a document compiled by Malibu's attorneys that notes the five documents that Malibu believes comprise the contract at issue.[4] The third is a document that Malibu argues reflects facts and figures in their damages expert's reports as well as her stated objections to the methodology employed by Marine Power's damages expert.[5] The fourth is a statement on the standards for valuation services published by the American Institute of Certified Public Accountants ("AICPA").[6]

---

[1] R. Doc. No. 247.
[2] R. Doc. No. 254.
[3] R. Doc. No. 247-1.
[4] R. Doc. No. 247-2.
[5] R. Doc. No. 247-3.
[6] R. Doc. No. 247-4.

It is unclear at this juncture (1) how Malibu proposes to use each exhibit, and (2) what foundation Malibu seeks to lay for each exhibit.  How a party seeks to use demonstrative evidence determines the applicable legal test, the necessary foundation, and whether limiting instructions are necessary to mitigate any prejudice.  *See* 2 McCormick on Evidence § 214 (7th Westlaw ed. 2016).  Accordingly, the Court concludes that Marine Power's objections are premature at this juncture because the Court will be in a better position at trial to determine whether Malibu has set out appropriate foundations for the demonstrative evidence, what limiting instructions would be appropriate, and whether the probative value of the demonstrative evidence will be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that none of the demonstrative exhibits shall be shown to the jury until Marine Power's counsel has had an opportunity to object.

New Orleans, Louisiana, August 4, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**