UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARINE POWER HOLDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-912** |
| **MALIBU BOATS, LLC** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant Malibu Boats, LCC's ("Malibu") objections[1] to plaintiff Marine Power Holding, L.L.C.'s ("Marine Power") designations of deposition testimony.[2]

### DEPOSITION OF BRAD DITCHFIELD, PAGE 220, LINES 1-25

Malibu's objections pursuant to Rules 403 and 408 of the Federal Rules of Evidence have merit. As such, the Court does not need to address Malibu's Rule 401 objection.

Rule 408 "extends to legal conclusions, factual statements, internal memoranda, and the work of non-lawyers alike so long as the communications were intended to be part of negotiations towards compromise. Litigation need not have commenced for Rule 408 to apply." *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010) (internal quotation marks omitted). Upon review, the proposed deposition excerpt appears to concern just such a situation,[3] and is therefore excluded pursuant to Rule 408.

For many of the same reasons, the Court concludes that the evidence is equally inadmissible under Rule 403. *See* 2 Muller & Kirkpatrick, Federal Evidence § 4.56 (4th Westlaw ed. 2016) ("It is well recognized, and rightly so, that the risks of prejudice and confusion entailed

---

[1] R. Doc No. 248. The parties have notified the Court that they have reached a global agreement regarding proposed counter-designations. As such, this order addresses only Malibu's remaining substantive objections.
[2] R. Doc. No. 238.
[3] R. Doc. No. 248-1, at 11.

in receiving settlement evidence are such that often Rule 403 and the underlying policy of Rule 408 require exclusion even when a permissible purpose can be discerned."). The Court notes that Rule 403 is particularly applicable here given that the proposed testimony appears to have minimal probative value.[4]

### DEPOSITION OF BRAD DITCHFIELD, PAGE 259, LINE 2-5

Malibu's objection pursuant to Rule 401 of the Federal Rules of Evidence has merit. The proposed deposition excerpt is an unanswered question by Marine Power's counsel that appears to have no independent relevance.[5]

### DEPOSITION OF BRAD DITCHFIELD, PAGE 261, LINE 25

Malibu's objection pursuant to Rule 401 of the Federal Rules of Evidence has merit. The proposed line is simply Marine Power's counsel saying "Okay,"[6] and that statement appears to have no independent relevance.

### DEPOSITION OF RITCHIE ANDERSON, PAGE 36, LINE 25; PAGE 37, LINES 1-23

Malibu's objections pursuant to Rules 401 and 403 are deferred. Malibu objects that Mr. Anderson's testimony concerns Malibu's and Marine Power's negotiations regarding a different engine model than was the subject of the contract at issue in the case. The Court concludes that Malibu's objections are premature at this juncture because the Court will be in a better position at trial to assess the relevance of the testimony to Marine Power's damages theories, the risk of any unfair prejudice, and whether the risk of any unfair prejudice can be mitigated. None of this testimony shall be played for the jury until Malibu has had a chance to object.

### DEPOSITION OF JACK SPRINGER, PAGE 71, LINES 3-18

---

[4] R. Doc. No. 248-1, at 11.
[5] R. Doc. No. 248-1, at 12.
[6] R. Doc. No. 248-1, at 13.

Malibu's objections pursuant to Rules 401 and 403 are deferred.  Malibu objects that Mr. Springer's testimony concerns Malibu's and Marine Power's negotiations regarding a 2015 supply agreement, and not the parties' negotiations regarding the contract at issue.  The Court concludes that Malibu's objections are premature at this juncture because the Court will be in a better position at trial to assess the relevance of the testimony to Marine Power's damages theories, the risk of any unfair prejudice, and whether the risk of any unfair prejudice can be mitigated.  None of this testimony shall be played for the jury until Malibu has had a chance to object.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Malibu's objections regarding the excerpts from Brad Ditchfield's testimony are **GRANTED**.

**IT IS FURTHER ORDERED** that Malibu's objections regarding the excerpts from Ritchie Anderson and Jack Springer are **DEFERRED UNTIL TRIAL**.

New Orleans, Louisiana, August 5, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**