**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARINE POWER HOLDING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-912** |
| **MALIBU BOATS, LLC** | **SECTION I** |

## ORDER AND REASONS

Before the Court is plaintiff Marine Power Holding, L.L.C.'s ("Marine Power") objections[1] to defendant Malibu Boats, LLC's ("Malibu") deposition designations,[2] as well as Malibu's response to those objections.[3]  For the following reasons, Marine Power's requests are DENIED.

## BACKGROUND

Marine Power requests that this Court preclude Malibu from introducing at trial any deposition testimony from eight different depositions of five different witnesses.  Five of the depositions were taken in this case, and three of the depositions were taken in a prior case between the parties.  Two of the deponents—Cameron Gilly and Walter "Eddie" Allbright—are, respectively, the General Manager and President of Marine Power.  The remaining three deponents—Benton Smallpage III, Benton Smallpage, Jr., and David Bailey—are not technically employees of Marine Power, but have been conceded to be managing agents of Marine Power for the purposes of Federal Rule of Civil Procedure 32(a)(3).[4]

## DEPOSITIONS FROM THIS ACTION

Marine Power's objections to the use of the deposition excerpts from this action are rejected.  Rule 32(a)(3) of the Federal Rules of Civil Procedure allows the use of the depositions

---

[1] R. Doc. No. 259.
[2] R. Doc. No. 251.
[3] R. Doc. No. 265.
[4] R. Doc. No. 269.

taken in this action because the individuals that were deposed qualify as managing agents of Marine Power. *See generally Bianco v. Globus Med., Inc.*, No. 12-147, 2014 WL 977686, at *1-*4 (E.D. Tex. 2014) (Bryson, J.).[5]

Indeed, Marine Power does not even appear to seriously dispute that point,[6] but instead merely asks that this Court exercise its general discretion to require live testimony.  Assuming *arguendo* that any such discretion exists, this Court declines to exercise it. The use of the deposition testimony may save time, and it will not be inequitable insofar as Marine Power is free to use Marine Power's own witnesses to rebut any use of deposition testimony that Marine Power believes requires a response.

### DEPOSITIONS FROM PREVIOUS ACTIONS

Marine Power's objections to the use of the depositions from the prior action between the parties in the Eastern District of Louisiana are also rejected by the Court.  The parties agreed to make the depositions in the prior action between Marine Power and Malibu admissible as if they were taken in this action.[7]  As such, Rule 32(a)(3) permits the depositions to be used for the very same reasons discussed above.

### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Marine Power's objections to Malibu's use of the deposition excerpts are **DENIED**.  Malibu may use the deposition transcripts at issue "to the extent" the

---

[5] The Court also notes, without deciding, that Rule 802(d)(2) of the Federal Rules of Evidence may provide an independent basis for admissibility.  *See generally Johnson v. Big Lots Stores*, No. 04-3201, 2008 WL 2191482, at *3 (E.D. La. 2008) (Vance, J.).  After all, the mere fact that an admission happened in a deposition does not somehow render the admission immune from being admissible under Rule 802(d)(2).

[6] R. Doc. No. 259, at 3; *see also* R. Doc. No. 269.

[7] R. Doc 265-1, at 2.

transcripts "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."  Fed. R. Civ. P. 32(a)(1)(B).

New Orleans, Louisiana, August 5, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**