UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, L.L.C.**     **CIVIL ACTION**

**VERSUS**     **No. 14-912**

**MALIBU BOATS, LLC**     **SECTION I**

## ORDER AND REASONS

Before the Court is defendant Malibu Boats, LCC's ("Malibu") objections[1] to plaintiff Marine Power Holding, L.L.C.'s ("Marine Power") Rule 902(11) certification. For the following reasons, Malibu's objections are sustained without prejudice to Marine Power's ability to establish a sufficient foundation at trial.

Rule 902(11) of the Federal Rules of Evidence provides a mechanism by which a party can lay a foundation that a document is a business record under Rule 803(6) without putting on live testimony. *See generally Rambus v. Infineon Techs., AG*, 348 F. Supp. 2d 698, 701 (E.D. Va. 2004). As such, "[r]ecords sought to be authenticated through Rule 902(11) must meet the requirements of Rule 803(6)(A)-(C)." *United States v. Daniels*, 723 F.3d 562, 579(5th Cir. 2013).

Malibu rightly points out that Marine Power's main defense appears to be little more than an argument that the exhibits are "business records" because they are emails that were sent and/or received by Marine Power employees in the course of Marine Power's business. But for the reasons noted in this Court's prior orders, emails sent and/or received in the course of business do not necessarily constitute business records under Rule 803(6).[2] Indeed, "if this was sufficient to invoke the business records exception, then all physical mail received by a [party] likewise would be a 'business record'" under the Rule. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in*

---

[1] R. Doc No. 242.
[2] R. Doc. No. 241, at 6-7.

*the Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012). As such, the Court remains unconvinced that the emails are business records. To the extent that Malibu Boat's objections are painted with too broad of a brush, Marine Power may, cognizant of the Court's concerns, be permitted to argue the same at trial.

Malibu also rightly points out that some of the documents carry little to no indication at all that they are even Marine Power documents.[3] Others allegedly contain hearsay within hearsay.[4] As such, the Court again agrees with Malibu that Marine Power's certification does not, at least in all instances, provide a sufficient foundation that the documents are business records.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Malibu's objections to Marine Power's Rule 902(11) certification are **SUSTAINED WITHOUT PREJUDICE** to Marine Power's ability to establish a sufficient foundation at trial. Based on the Court's current understanding of the documents, which Marine Power is free to challenge at trial, the Court does not accept Marine Power's 902(11) certification with respect to proposed trial exhibits 7, 8, 14, 20, 21, 26, 27, 35, 41, 47, 48, 63, 79, 80, 87, 97, 98, 101, 103, 105, 108, 124, 127, 140, 141, 144, 150, 156, 184, 195, 198 and 199.

New Orleans, Louisiana, August 8, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] Marine Power Exs. 48, 124, 195.
[4] R. Doc. No. 242, at 2.