UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARINE POWER HOLDING, L.L.C.**                              **CIVIL ACTION**

**VERSUS**                                                                        **No. 14-912**

**MALIBU BOATS, LLC**                                                **SECTION I**

**ORDER AND REASONS**

The jury awarded Marine Power Holding, L.L.C. ("Marine Power") $1.8 million on its breach of contract claim, and an additional $1.3 million in future lost profits based on its finding that Malibu Boats, LLC ("Malibu") acted in bad faith in violation of article 1997 of the Louisiana Civil Code.[1]  Marine Power's proposed judgment[2] states that Marine Power is entitled to a total of $290,465.75 in prejudgment interest, having reached that figure by tabulating interest on the entire $3.1 million damage award.  Malibu disagrees that prejudgment interest is available on all of Marine Power's damages.[3]

Louisiana state law governs the availability of prejudgment interest in this diversity case.  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).  "Louisiana substantive law presumes that interest will be awarded on judgments, La. Civ. Code art. 2000, and 'a debt or claim for the payment of money or damages under a contract is ascertainable and becomes due on the date an active violation occurred or the obligor was put in default, which can be earlier but never

---

[1] R. Doc. No. 288.
[2] R. Doc. No. 293-1.
[3] R. Doc. No. 294.

later than judicial demand, and legal interest runs from that date.'" *St. Paul's Evangelical Lutheran Church v. Quick Response Restoration, Inc.*, 381 F. App'x 408, 412 (5th Cir. 2010) (citing *Mini Togs Prod., Inc. v. Wallace*, 513 So. 2d 867, 873 (La. Ct. App. 1987)).

First, Malibu disputes that Marine Power can recover prejudgment interest on damages awarded for future lost profits. This Court has been unable to locate any Louisiana appellate court opinion which has addressed this issue. *See Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09-0750, 2015 WL 3771781, at *2 (W.D. La. June 17, 2015) (also failing to find any Louisiana appellate cases). Nonetheless, two federal district courts have concluded that awarding prejudgment interest on future lost profits is irreconcilable with the purpose of prejudgment interest and that the recovery of such interest is impermissible under Louisiana law. *Id.*; *Walle Corp. v. Rockwell Graphics Sys., Inc.*, No. No. 90–2163, 1992 WL 245963 (E.D. La. Sept. 21, 1992). This Court agrees.

"Prejudgment interest, which stems from the damages suffered by the victorious party, is meant to fully compensate the injured party for the use of funds to which he is entitled but does not enjoy because the defendant has maintained control over the funds during the pendency of the action." *Corbello v. Iowa Prod.*, 850 So. 2d 686, 706 (La. 2003) (overruled on other grounds). Accordingly, "to allow a plaintiff to recover prejudgment interest on future damages would contradict this purpose because this award consists of money that the plaintiff would not have had the use of until after judgment." *Hollybrook*, 2015 WL 3771781, at *2 (quoting *Walle*, 1992 WL 245963 at *9). Consistent with that understanding, the Court denies

Marine Power prejudgment interest on the $1.3 million it received for future lost profits.

Marine Power offers no reasoning and cites no cases suggesting a contrary result. It is true that in the lone state court opinion cited by Marine Power, *New Orleans Riverwalk Associates v. Robert P. Guastella Equities, Inc.*, 664 So. 2d 151, 155 (La. App. 4 Cir. 1995), the appellate court upheld the district court's award of prejudgment interest on a jury's damage award of future lost profits. However, the *Riverwalk* court did not address whether the award of prejudgment interest on future lost profits was appropriate for the plaintiff's contractual damages. Rather, the court observed that "[t]he trial court awarded prejudgment interest and attorney's fees in the amount of $450,000 to [the plaintiff] based on the jury's finding of unfair trade practice," not on breach of contract, and it then upheld the entire interest award. *Id.* at 155, 160. In short, the *Riverwalk* case does not address the question before this Court, and it does not alter this Court's reasoning on the issue.

Second, Malibu argues that Marine Power should not be permitted to recover prejudgment interest on the $1.8 million awarded for breach of contract. Malibu asserts that an unspecified portion of that damage award could be compensation for expenses that Marine Power has incurred or will incur as a result of the breach but that it has not yet paid. According to Malibu, prejudgment interest may not be recovered for unpaid expenses.

The Court agrees that awarding prejudgment interest on unpaid expenses makes little sense.[4]  *See Corbello*, 850 So. 2d at 706.  However, the Court declines to hold that Marine Power has waived its ability to recover prejudgment interest on *all* of the $1.8 million simply by virtue of its failure to properly address expenses.  While Marine Power has certainly waived its entitlement to prejudgment interest on expenses by failing to request an appropriate jury interrogatory, by failing to object to the jury verdict form, and by failing to address in post-verdict briefing whether and how much of its expenses were paid as opposed to unpaid, expenses as a whole comprise only a fraction of Marine Power's damage award.

Marine Power's damage claim is divided into several categories and all of the expenses challenged by Malibu fall within the "Miscellaneous Damages" category.[5]  The total cost of the miscellaneous damages suffered by Marine Power was $349,412.81.[6]  Malibu offers no reason why Marine Power should be denied prejudgment interest on any other category of damages.[7]  Thus the Court simply deducts $349,412.81 from the $1.8 million jury verdict for the purpose of calculating prejudgment interest and it awards Marine Power prejudgment interest on the

---

[4] Of course, the logic only holds true if Marine Power does not owe interest on the overdue unpaid expenses or if the unpaid expenses have not yet become due.
[5] R. Doc. No. 294-2.
[6] This figure is taken from Marine Power's demonstrative exhibit that Malibu attaches to its opposition and that Marine Power showed to the jury at trial.  R. Doc. No. 294-2, at 6. It is apparent from the jury's verdict that it accepted Marine Power's damages theory wholesale.  The Court therefore relies on that damages theory, as summarized by Marine Power's demonstrative, to make its calculations.
[7] Not all of the damages listed within the "miscellaneous damages" category can be for unpaid expenses.  It follows that by denying prejudgment interest on all of the damages in this category, the Court acts conservatively to ensure that no undue prejudgment interest is awarded.

remaining $1,450,587.19.  Both parties agree on the correct method of calculation,[8] and applying that method the Court finds that Marine Power is entitled to $138,302.58 in prejudgment interest.  Accordingly,

**IT IS ORDERED** that Marine Power shall be awarded prejudgment interest in the amount of **$138,302.58** as set forth above.  The Court will issue a judgment consistent with this order.

New Orleans, Louisiana, September 7, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[8] Louisiana Revised Statute 9:3500 provides that legal interest accrues at the rate established in Louisiana Revised Statute 13:4202, which in turn provides that the rate shall be set annually by the Louisiana Commissioner of Financial Institutions. The Commissioner publishes the judicial interest rates on his website, and the judicial interest rate in Louisiana has been 4% at all times since this lawsuit was filed.  *See*  http://www.ofi.state.la.us/Legal%20Judicial%20Rate.htm (last visited September 6, 2016).  Both parties agree that the date of judicial demand was April 22, 2014.  The date of the judgment is September 7, 2016.